IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**DERRICK MOORE, Individually,**
And as Administrator of the ESTATE
of PATRICIA ANN MOORE, deceased.

    **PLAINTIFFS,**

v.                                                                              No. 2:23-cv-02338

**WASTE CONNECTIONS**                         **JURY DEMAND**
**OF TENNESSEE, INC. and**
**WINFRED MOORE**

    **DEFENDANTS.**

---

### FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH
---

    **COMES NOW** the Plaintiff, DERRICK MOORE, individually, and as Administrator of the Estate of Patricia Ann Moore, deceased (hereafter "Plaintiff"), by and through counsel, files this Amended Complaint against the Defendants, WINFRED MOORE and WASTE CONNECTIONS OF TENNESSEE, INC. (collectively as "Defendants"), for personal injuries and damages and would respectfully state unto this Honorable Court the following to wit:

### PARTIES

    1.    Plaintiff, Derrick Moore, is an adult resident of Shelby County, Memphis, Tennessee.

    2.    Plaintiff, Derrick Moore, is the husband of Patricia Moore ("Mrs. Moore"), deceased.

    3.    Upon information and belief, Defendant Waste Connections ("Waste Connections"), is a for profit Delaware corporation doing business in the State of Tennessee with its principal office located at 3 Waterway Square Place, STE 110, The

Woodlands, Texas, 77380, who may be served with process through its registered agent, Corporation Service Company at 2908 Poston Avenue, Nashville, TN 37203.

4. Defendant Winfred Moore of Mississippi is an employee and/or agent of Defendant Waste Connections.

5. Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligent operation of a commercial motor vehicle driven by Defendant Winfred Moore, owned and maintained by Defendant, Waste Connections, in Shelby County, Tennessee on or about March 30, 2023.

## JURISDICTION AND VENUE

6. Venue is properly situated in Shelby County pursuant to Tenn. Code. Ann. 20-4-101.

7. This Court has general jurisdiction of the matter pursuant to Tenn. Code. Ann. 16-10-101.

8. This Complaint is filed within the applicable statute of limitations.

## FACTS

9. On or about March 30, 2023, Plaintiff, an employee, acting in the course and scope of her employment with Republic Services, was working on the yard at the Shelby County Landfill located at 5494 Malone Road in Memphis, Tennessee.

10. Upon information and belief, at said date, time, and place, Defendant Winfred Moore, was operating a commercial motor vehicle as an employee/agent of Waste Connections.

11. Through the course and scope of his employment, Defendant Winfred Moore struck Patricia Moore with the commercial motor vehicle he was operating, crushing her.

12. The strike to Patricia Moore's body caused Mrs. Moore to suffer injuries and damages, including blunt force trauma resulting in her death.

13. Mrs. Moore died, as a result of this incident, on March 30, 2023.

14. At all times pertinent to this Complaint, Defendant Waste Connections was acting through its agent, servant, employee and/or independent contractor, specifically, the driver, Defendant Winfred Moore and therefore, Plaintiff relies on the doctrine of *Respondeat Superior*.

15. Defendant Waste Connections is the true owner of the vehicle that Defendant Winfred Moore was operating.

16. Plaintiff pleads Defendant Winfred Moore was using the vehicle with Defendant Waste Connections' authority, consent and knowledge pursuant to Tennessee Code 55-10-311.

17. The collision was foreseeable to Defendants and could have been avoided had said Defendants acted in a safe and prudent manner as required by state and federal law and in accordance with the standards required of professional truck drivers and motor carriers.

18. At the time of the subject wreck, Defendant Winfred Moore had a duty to drive in conformance with Tennessee law as well as the industry and corporate standards and guidelines emanating from these Federal Motor Carrier safety regulations adopted in Tennessee law, including, but not limited to, the Required Knowledge and Skills set forth in 48 CFR 383.111 and 383.113 as well as the mandates of 49 CFR 390-395.

## **COUNT I - NEGLIGENCE AND NEGLIGENCE PER SE**

19. Plaintiff incorporates paragraphs 1-18 as though set forth herein verbatim.

20. Defendant Winfred Moore had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a motor vehicle driver and so as not to endanger the lives and welfare of Mrs. Moore and the motoring public. This duty includes keeping a proper lookout for others, paying attention, and operating his commercial vehicle at a reasonable and prudent speed and manner in accordance with the conditions of the roadway, private property, and all traffic laws and regulations.

21. Defendant Winfred Moore breached his duty of care and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

a. Failing to keep a lookout for pedestrians at 5494 Malone Road, including Patricia Moore;
b. Failing to perform a proper visual search;
c. Failing to properly manage his space;
d. Failing to drive at a safe and reasonable speed under the conditions;
e. Failing to drive defensively;
f. Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, Patricia Moore, in grave danger;
g. Failing to adhere to safe driving principles expected of professional drivers;
h. Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry.
i. Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;
j. Driving while distracted;
k. Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances;
l. Such other specifications of negligence that shall be added by amendment or proven at trial;

22. Plaintiff charges and alleges that Defendant Winfred Moore was guilty of violating one or more of the following statutes of the State of Tennessee, each and every such statute being in full force and effect at the time and place of the collision complaint of, each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every such act constituting a direct and proximate cause of Plaintiff's injuries and damages, to-wit:

**Section 55-8-136**: Drivers to exercise due care;

**Section 55-10-205**: Reckless driving.

23. As a direct and proximate result of the Defendants negligence, Patricia Moore, suffered significant and serious injuries, which would not have otherwise occurred.

24. The above-referenced acts of negligence of the Defendants were the cause in fact and proximate cause of the incident described in the Complaint, which resulted in Patricia Moore suffering significant physical and emotional injuries and damages and death.

## COUNT II - *RESPONDEAT SUPERIOR* AGAINST WASTE CONNECTIONS

25. Plaintiff incorporates paragraphs 1-24 as though set forth herein verbatim.

26. At all times material hereto, Defendant Winfred Moore was acting within the course and scope of his employment or agency with Defendant Waste Connections and was furthering the business interests of Defendant Waste Connections

27. Defendant Waste Connections is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants, or contractors. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Winfred Moore on March 30, 2023, which are described above and were committed within the course and scope of his agency or employment with Defendant Waste Connections

28. As a result of the foregoing breaches of duty, Plaintiff suffered the losses and injuries noted herein.

29. Alone or in conjunction with the negligence of other Defendant(s), Defendants Winfred Moore and Waste Connections' negligence proximately caused the injuries to Plaintiffs.

30. Defendant Waste Connections is liable to Plaintiff for all damages allowed by law for the injuries, damages, and losses sustained by the Plaintiff as a result of the negligence of Defendant Winfred Moore and/or their own independent negligence.

## INJURIES AND DAMAGES

31. The Plaintiff incorporates paragraphs 1-30 as though set forth herein verbatim.

32. Plaintiff charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of common-law negligence, violations of the Statutes of the State of Tennessee on the part of the Defendants that Plaintiff is entitled to recover damages including, but not limited to, the following:

      a. Great pain and suffering, both mental and physical;

      b. Loss of life/wrongful death;

      c. Personal injuries;

      d. Reasonable funeral expenses;

      e. Pecuniary interest of Patricia Moore's life, including her earning capacity; and

      f. Other damages allowed by law.

33. As a result of the above-described negligence of Defendant, the Plaintiff, Derrick Moore, is entitled to recover damages including, but not limited to, the following:

      g. Harms and losses suffered as a result of the wrongful death of Patricia Moore;

      h. The future lost earning capacity of Patricia Moore;

      i. Loss of consortium damages; and

      j. Other damages allowed by law

34. All of the said injuries, losses and damages incurred by Derrick Moore and Patricia Moore were the direct and proximate result of the aforesaid negligence of the Defendants, including the violation of the statutes covering the operation of motor vehicles within the State of Tennessee, for which Plaintiff is entitled to recover.

## **RELIEF SOUGHT**

1. That Plaintiff be awarded compensatory damages in an amount of $10 Million;

2. That Plaintiff be awarded post-judgement interest as allowed by law;

3. That a jury be empaneled to try the issues which are joined; and

4. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

/s/ William T. Hackett
William T. Hackett (TN BPR No. 31143)
One Commerce Square, Suite 2600
Memphis, TN  38103
Phone: (901) 217-7000
Facsimile: (901) 333-1897
Email: whackett@forthepeople.com
*Attorney for Plaintiffs*